NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**COMAPER CORPORATION,**
*Plaintiff-Appellant,*

**v.**

**ANTEC, INC., BEST BUY CO., INC.,** AND **MICRO ELECTRONICS, INC.,**
*Defendants-Appellees.*

---

2013-1147

---

Appeal from the United States District Court for the Eastern District of Pennsylvania in No. 05-CV-1103, Judge Petrese B. Tucker.

---

Decided: September 6, 2013

---

STEPHEN J. DRISCOLL, Saul Ewing, LLP, of Philadelphia, Pennsylvania, argued for plaintiff-appellant. Of counsel was JOSEPH F. POSILLICO, Fox Rothschild, LLP, of Philadelphia, Pennsylvania.

ROBERT P. ANDRIS, Ropers, Majeski, Kohn & Bentley, of Redwood City, California, argued for defendants-appellees. With him on the brief was LAEL D. ANDARA.

---

Before RADER, *Chief Judge,* CLEVENGER, and MOORE, *Circuit Judges.*

RADER, *Chief Judge.*

After a jury verdict upholding the claims of U.S. Patent No. 5,955,955 (the '955 patent), the United States District Court for the Eastern District of Pennsylvania granted a JMOL motion rendering some claims invalid as anticipated. Because the district court erred in concluding that the jury verdict lacked substantial evidence, this court *reverses* and *remands*.

I.

Comaper Corporation (Comaper) is the owner of the '955 patent. Filed in 1994 and issued in 1999, the '955 patent claims a device to cool a computer's drive bay region. *See* App. 60. The invention is a device inserted into a drive bay via a slot in the housing of the computer. *Id.* In 2005, Comaper filed suit against Antec, Inc. and others (collectively, Antec), alleging infringement of the '955 patent. *See* Appellant's Br. 4. Following a trial in 2007, this court affirmed the district court's claim construction and a jury verdict of willful infringement. *Comaper Corp. v. Antec, Inc.*, 596 F.3d 1343, 1347–49 (Fed. Cir. 2010). However, because of an inconsistent verdict on invalidity (the jury found dependent claims, but not claims they depended from, to have been obvious), this court remanded in part. *Id.* at 1354–55.

In a second trial in 2011, the parties presented evidence only on issues of validity under 35 U.S.C. §§ 102 and 103. The jury heard substantial testimony from the inventor (Mr. Corcoran) and Antec's two expert witnesses, a computer collector (Mr. Ismail) and a computer historian (Mr. Bickley). During the week-long trial, Antec argued that several prior art devices and references rendered the claims invalid. However, by agreement, only the invalidity of the two independent claims of the '955 patent, claims 1 and 12, was submitted to the jury. App. 3. The jury found that Antec did not prove invalidity. *Id.*

Antec properly moved for JMOL under §§ 102 and 103, relying on four prior art devices. On April 2, 2012, the district court granted Antec's motion for JMOL under § 102, holding that two prior art devices anticipated both asserted claims. *Comaper Corp. v. Antec, Inc.,* 867 F. Supp. 2d 663 (E.D. Pa. 2012); *see* App. 10–11, 20. The trial court did not reach § 103. Comaper appeals. This court has jurisdiction under 28 U.S.C. § 1295(a)(1).

## II.

This court reviews claim construction without deference. *See Cybor Corp. v. FAS Techs.*, 138 F.3d 1448, 1456 (Fed. Cir. 1998) (*en banc*). In contrast, anticipation is a question of fact. *Rapoport v. Dement*, 254 F.3d 1053, 1058 (Fed. Cir. 2001). A prior art device anticipates only if there is clear and convincing evidence that the prior art device "disclosed, either expressly or inherently, all the structural limitations contained in the asserted apparatus claims." *Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 545 (Fed. Cir. 2011); *see Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 147 F.3d 1374, 1380 (Fed. Cir. 1998) (a prior art device does not anticipate "simply by possessing identically named parts, unless these parts also have the same structure or otherwise satisfy the claim limitations").

This court reviews a district court's grant of JMOL under regional circuit law. *Frolow v. Wilson Sporting Goods Co.*, 710 F.3d 1303, 1308 (Fed. Cir. 2013). "The Third Circuit exercises plenary review of the grant of a motion for JMOL," and follows the rule that a motion for JMOL "should be granted only if, viewing the evidence in the light most favorable to the nonmoving party, there is no question of material fact for the jury and any verdict other than the one directed would be erroneous under the governing law." *Id.* (quoting *McGreevy v. Stroup*, 413 F.3d 359, 363–64 (3d Cir. 2005) (citation omitted)). As Antec recognizes, in the Third Circuit it "is only in rare instances that a jury's verdict in a civil case should be overturned." *Pitts v. Delaware*, 646 F.3d 151, 152 (3d Cir.

2011). *See* Appellees' Br. at 20. Accordingly, this court can affirm only if, viewing the evidence most favorably to Comaper, the record shows clear and convincing evidence of invalidity such that no reasonable jury could find a claim was not anticipated. For the following reasons, this court does not discern that clear and convincing evidence in this record and thus must reverse.

## III.

The need to cool computer components is as old as computers themselves. *See* Appellees' Br. 5–7. The '955 patent describes a cooling device [100] designed to be inserted through a slot defined in the housing of a computer [150] into its drive bay [151]. *See* '955 patent fig. 1. The asserted claims are not limited to specific types of computers, but Figure 1 of the '955 patent gives some context to the claim language:



Only independent claims 1 and 12 are on appeal. Claim 1 claims the cooling device alone, and claim 12 claims a computer in combination with the device:

1. A cooling device for a computer, said computer having a drive bay region with at least one drive

bay slot adapted to receive[] said device com[p]rising:

> a case configured to mount within said drive bay slot of said computer such that said case occupies substantially the entire drive bay slot, said case having at least a first opening [shown as wavy slots in [100]] and at least a second opening, when mounted within said drive bay, said first opening being exposed to ambient air and said second opening being within said drive bay region of said computer;

> at least one air movement device mounted within said case, said air movement device being configured in one of two ways, a first way in which said air movement device draws cooling air through said first opening and exhausts substantially all of said cooling air from said case though said second opening into said drive bay region, a second way in which said air movement device draws air into said case through said second opening from and [sic] drive bay region and exhausts it through said first opening; and

> power supply means for supplying power to said air movement device.

12. In a computer having a drive bay region with at least one drive bay slot adapted to receive a drive, an improvement comprising:

> a case mounted within said drive bay slot of said computer such that said case occupies substantially the entire drive bay slot, said case have [sic] at least a first opening and at least a second opening, said first opening being exposed to ambient air and said second opening being

within said drive bay region of said computer;

at least one air movement device mounted within said case, said air movement device being configured in one of two ways, a first way in which said air movement device draws cooling air from said first opening and exhausts substantially all of said cooling air th[r]ough said case th[r]ough said second opening into said drive bay region, a second way in which said air movement device draws air into said case through said second opening from said drive bay region and exhausts it through said first opening; and

power supply means for supplying power to said air movement device.

In the prior appeal, this court affirmed the district court's construction of several terms. One of these constructions is dispositive of all issues here: this court held that "drive bay slot" means "the relatively narrow opening in the housing of the computer that leads to the drive bay." *Comaper*, 596 F.3d at 1349.

Despite this interpretation, the district court held in the JMOL order now on appeal that no reasonable jury could find that the asserted claims were not anticipated by two prior art 19-inch rack-mounted drive bay modules. Those two rack mounts for computer resources were known at trial as the "Fujitsu device" and the "CDC Nova 3 Mini Module Device." *See* Appellees' Br. 13, 15. Although in the 1980s the standard in personal computers (PC) was for PCs to use disk drives that were about 5.25 inches wide, some computer systems used separate modules (hard drives, tape drives, processors, *etc.*) mounted in "racks." *See* Appellant's Br. 9. "Racks" are frames, or computer cabinets, with some electrical structure that can hold computing equipment designed for stacking on racks.

*Id.*; *see* Appellees' Br. 6–7. In the prior appeal, this court held that rack-mounted systems were analogous art. *Comaper*, 596 F.3d at 1351.

In its JMOL opinion, the district court perceived only one difference between each asserted claim and the CDC Nova 3 Mini Module Device and Fujitsu devices: "the size of the devices." App. 18. It reasoned that because the size of the device was "a specification not found anywhere in the '955 patent itself, nor in [the district court's] claim construction," this difference did not preclude a finding of anticipation. *Id.* For that reason, the district court held each device anticipated. *Id.*

In light of the prior claim construction and the record in this proceeding, this court disagrees. While the claims do not recite the size of the device or computer, the relative size of the drive bay slot does matter in terms of the claim language, context, and meaning. The record, including photographs and testimony from Mr. Corcoran, shows that both prior art devices fit into an opening which extended virtually the entire width of the rack. *See* Appellees' Br. 20; Appellant's Br. 26, 30–31. Thus, neither prior art device had a *relatively narrow opening* in the housing of the computer. On that basis alone, substantial evidence supports the jury's factual finding of a difference between the claimed invention and the prior art. The difference would preclude anticipation and support the jury verdict. Although there are other differences between each of these two devices and each properly construed claim, this difference alone makes the grant of JMOL incorrect.

## IV.

As alternate bases to affirm, Antec argues that two other devices it identified in its JMOL motion anticipate each claim. Further, Antec asserts that the jury verdict rejecting its obviousness defense lacked substantial evidence. This court disagrees.

The third device Antec asserts as anticipatory is the PCC2000, a 19-inch wide extraction fan designed for rack-mounting. *See* App. 1563. The evidence showed, however, that prior to the critical date, this device had been affixed to the rear of rack systems containing only modular hard drives. *See* Appellant's Br. 15, 32. For that reason alone, ample evidence supports the jury verdict that this device does not anticipate claim 12, because the record contains no evidence that the prior art device was ever mounted within the drive bay slot of a "computer." *See* Appellant's Br. 32. With respect to both asserted claims, for the same reasons as with the first two devices, the record shows that the extraction fan was not configured to mount in the relatively narrow opening of a drive bay slot. Thus, this court cannot affirm on this alternate ground.

The fourth device Antec asserts as anticipatory is the AS/400 device. *See* Appellees' Br. 17. The jury's finding that this device did not anticipate either independent claim is amply supported by the record, since the housing of the AS/400 has *no* "slot" in it, and thus lacks a drive bay slot. *See* App. 1547. Instead, the module is behind a *solid* computer housing that lacks any slots. Further, even with the housing removed, a metal grate with no slot covers the module. For these and other reasons, this court cannot affirm on this alternate basis.

Finally, this court rejects Antec's argument that the record supports granting JMOL of obviousness by this court on appeal. The record shows again that the jury verdict of nonobviousness has ample support. Among other things, the verdict finds support in the clear differences between each claim and the prior art along with testimony about the lack of motivation to combine, the discovery of the specific problem, objective criteria, and other facts. *See* Appellant's Br. 41–43. Antec has not shown that, viewing the evidence favorably to Comaper, any aspect of the jury verdict lacked substantial evidence.

Thus, this court remands with instructions to enter a final judgment for Comaper according to the jury verdict.

**REVERSED AND REMANDED**